**Jose Daniel CARRILLO–RIVERA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 12–70339.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2013.*

Filed Feb. 14, 2013.

Martin R. Robles–Avila, Esquire, Federal Immigration Counselors, Inc., APC, San Francisco, CA, for Petitioner.

Sharon Michele Clay, Esquire, Trial, DOJ—U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

MEMORANDUM **

Jose Daniel Carrillo–Rivera, a native and citizen of Mexico, petitions for review

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his motion to reopen based on ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir.2011), and we deny the petition for review.

The BIA did not abuse its discretion in denying Carrillo–Rivera's motion to reopen as untimely where the motion was filed more than five years after his removal order became final, *see* 8 C.F.R. § 1003.2(c)(2), and Carrillo–Rivera failed to establish grounds for equitable tolling of the filing deadline, *see Avagyan*, 646 F.3d at 678–80 (equitable tolling is available to a petitioner who establishes he was prevented from filing because of deception, fraud or error, and exercised due diligence in discovering such circumstances).

Contrary to Carrillo–Rivera's contention, the BIA did not engage in impermissible fact-finding where it applied the law to undisputed facts. *See* 8 C.F.R. § 1003.1(d)(3)(ii).

In light of our disposition, we need not reach Carillo–Rivera's remaining contentions.

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.